UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEAN WILLIAM SCHAEFER,

    Plaintiff,

v.                                                                   Case No. 2:11-cv-48
                                                                   HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION**

        Dean Schaefer filed an application for disability and disability insurance benefits claiming that he had become disabled as of October 12, 2007. Plaintiff's claim for benefits was initially denied on May 12, 2008, and upon reconsideration on May 20, 2008. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on October 23, 2009. Testifying at the hearing were plaintiff and Cynthia Wood, an "impartial vocational expert." On December 14, 2009, the ALJ issued a decision finding that plaintiff was not disabled because he could perform a range of light work. *See* transcript of Administrative Hearing at pages 6-21 (hereinafter Tr. at ___). The ALJ's decision became the agency's final decision when the Appeals Council denied plaintiff's request for a review. Plaintiff now seeks judicial review of the agency's final decision denying his request for disability benefits.

        In a social security case, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and therefore entitled to benefits. This Court's review of the Commissioner's decision is limited to whether the Commissioner applied the correct legal

standard and whether the findings of the Commissioner are supported by substantial evidence. Substantial evidence is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Commissioner of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). If substantial evidence supports the Commissioner's decision, this Court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). In this case, the Commissioner adopted the decision of the ALJ and it is that decision which is the subject of plaintiff's claim in this Court. An ALJ is required to follow the applicable social security regulations when making a disability determination. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004). If the ALJ fails to follow those regulations, this Court may remand the case to the Commissioner under two circumstances. First, a remand may be appropriate if a procedural error is made with respect to a regulation that is intended to confer rights on the claimant and, second, a remand may be appropriate where the failure to follow the required procedure prejudiced the claimant on the merits. *See Rabbers v. Commissioner of Social Security*, 582 F.3d 647 (6th Circ. 2009). An ALJ's failure to follow procedural rules may be considered harmless error only when "concrete factual and medical evidence" is "apparent in the record" and shows that even if the ALJ had made the required findings, the ALJ would have found the claimant not disabled. *Rabbers*, 482 F3d. at 657-58 (error was harmless because the ALJ "would have reached the same conclusion"). This Court cannot affirm the ALJ's decision if it concludes that the decision "could have been" supported by the evidence because this would propel the Court into the fact finder, a role not envisioned by Congress. *See Simpson v. Commissioner of Social Security*, No.

08-3651, 2009 WL 2628355 at *10 (6th Cir. Aug. 27, 2009). When an ALJ relies upon the testimony of a vocational expert, testimony based on a hypothetical question which does not accurately portray a claimant's physical and mental states may not serve as substantial evidence in support of a finding that the claimant could perform work. *See Lancaster v. Commissioner of Social Security*, No. 06-5859, 2007 WL 1228667 at *9 (6th Cir. Apr. 26, 2007). According to the Commissioner:

> Substantial evidence supports the ALJ's finding that Plaintiff was not disabled as of October 12, 2007, because he could perform jobs existing in significant numbers in the national economy given his residual functional capacity (RFC) (Tr. 15-17). See 42 U.S.C. § 423(d)(1)(A). The ALJ found that Plaintiff had severe impairments including cervical and lumbar degenerative disc disease, status post right clavicle surgery, and major depressive disorder (Tr. 11). Then, after considering the medical evidence and Plaintiff's testimony, the ALJ reasonably concluded that Plaintiff had the RFC to perform light work with no overhead reaching and the option to sit or stand (Tr. 12). The ALJ also found that Plaintiff could occasionally push, pull, and use foot pedals and could "frequently finger and feel objects, and would be able to do so constantly" (Tr. 12).

See Memorandum in Support of the Decision of the Commissioner of Social Security at page 13.

> In reaching the decision in this case, the ALJ explained:
>
> As for the opinion evidence, I am persuaded by the opinion of State examiner, Cynthia Gaudette, MD who limited the claimant to light work (Exhibit 5E). She noted that despite his impairments, the claim has no problem with personal grooming; he is able to do normal household cleaning and laundry, drive a car, and shop briefly (Exhibit 5E-6). She also noted and I agree, that the claimant's statements are only partially credible; this assessment is based on his statements in response to Dr. Vermeulen's opinion that he could perform sedentary work; the claimant stated that he is a union worker and was not going anywhere else for work (Exhibits 5#-8, and 4F-2).

Tr. at 15. The ALJ also relied upon the testimony of a vocational expert in concluding that the claimant was not disabled. The ALJ specifically explained:

- 3 -

> I note that at the hearing the vocational expert testified that given all of these factors the individual would not be able to perform the requirements of any representative occupations in the national economy. I found this testimony insufficient and inconsistent with the Dictionary of Occupation Titles. Subsequent to the hearing, I therefore submitted vocational interrogatories to a second impartial vocational expert, Christine Spaulding. In response to the same hypothetical posed at the hearing, Ms. Spaulding provided nine examples of occupations that an individual with the claimant's residual functional capacity could perform (Exhibit 9E). Given the consistency of Ms. Spaulding's finding with the information in the Dictionary of Occupational Titles, I am not relying upon the vocational expert testimony provided at the hearing. I also note that Ms. Spaulding's answers to interrogatories were proffered to James M. Collins, counsel for the claimant. Attorney Collins was given an opportunity to respond to object to the interrogatories; however, the Administration received no such response. I therefore give significant weight to the opinion of vocational expert Spaulding. She reported that if the claimant had the residual functional capacity described above, he would be able to perform the job of a production assembler, a cashier, an information clerk, a gate guard, a ticket taker, an usher, a final assembler, a stuffer, and a telephone solicitor (Exhibit 9E).

Tr. at 16-17. The ALJ found that plaintiff had severe impairments, including "cervical and lumbar degenerative disc disease, status post right clavicle surgery, and major depressive disorder." Tr. at 11. The ALJ stated:

> I find that the claimant has the residual functional capacity to perform light work as defined in 20 CRF 404.1567(b) allowing for a sit/stand option, with occasional pushing and pulling, and occasional operation of foot pedals. Additionally, the claimant would be restricted from overhead reaching, but would be able to frequently finger and feel objects, and would be able to do so constantly.

Tr. at 12.

The Memorandum in Support of the Decision of the Commissioner of Social Security is well written and was particularly helpful to this Court. Unfortunately, the decision of the ALJ is not well written and contains at least two fundamental errors. As the Commissioner admits:

> The ALJ stated that he was "persuaded" by the assessment from Ms. Gaudette, whom the ALJ identified as a state DDS medical source (Tr. 15, 136-43). However, it appears that Ms. Gaudette was not a physician, but rather a state DDS disability examiner (Tr. 48). Because Ms. Gaudette was not a medical source, her assessment was an administrative adjudicatory document, and not a medical opinion. Consequently, the ALJ should not have relied on the assessment in determining whether Plaintiff was disabled. However, the ALJ's consideration of Ms. Gaudette's assessment should be considered, at most, harmless error.

See Memorandum in Support of the Decision of the Commissioner of Social Security at page 14.

The ALJ found the assessment by Ms. Gaudette persuasive. In *Webster's Third New International Dictionary* persuade is defined as "to use persuasion upon, plead with, urge . . .to demonstrate or prove (something) to be true, credible, essential, commendable or worthy . . . bring about by argument and persuasion." *Id*. at 1687 (1976 edition). The ALJ indicated he was persuaded by Ms. Gaudette's assessment, testimony which the Commissioner recognizes could not have been considered. This Court can only speculate if the decision would have been the same if the ALJ recognized that he could not rely on the assessment in determining whether plaintiff was disabled. This Court is not to review the record de novo and cannot speculate what the result would have been had the ALJ properly assessed the information from Ms. Gaudette.

Moreover, at the hearing before the ALJ, a vocational expert testified, based on hypothetical questions posed by the ALJ. That vocational expert testified that based on those hypothetical questions, the individual would be totally disabled. Apparently unconvinced by the vocational expert's testimony, the ALJ submitted hypothetical questions by interrogatory to another vocational expert. The ALJ indicated that, in his opinion, he submitted the same hypothetical questions to both vocational experts. As the Commissioner recognizes, this is an incorrect statement. See Memorandum in Support of the Decision of the Commissioner of Social Security at page 16,

n. 3. The Vocational Interrogatory provided to the second vocational expert apparently did not include the same limitations as the hypothetical questions asked of the first vocational expert. Again, this Court is left to speculate whether or not the ALJ had intended to present the same hypothetical questions to the second vocational expert. Furthermore, it is less than clear what the differences are between the two hypotheticals and which hypothetical most accurately reflects the findings of the ALJ regarding plaintiff's limitations. Furthermore, the Vocational Interrogatory (Exhibit No. 9E), Tr. at 151-155, is either missing or never had a question number 7. In addition, the handwritten notations on page 2 of the Vocational Interrogatory (Tr. at 154), indicate that the vocational expert had some questions regarding the hypothetical. According to the Commissioner:

> The ALJ's inaccurate statement that the two questions were the same is not harmful error because the he [sic] relied on the second VE's responses and the question posed to that VE was substantially similar to the RFC assessment.

See Memorandum in Support of the Decision of the Commissioner of Social Security at page 17, n. 3.

Because of the lack of clarity regarding the ALJ's findings regarding plaintiff's limitations and the confusion regarding whether or not the ALJ intended to ask the same hypothetical questions, this Court cannot conclude that the second vocational expert's testimony can be relied upon to support a finding of substantial evidence to support the ALJ's decision. This Court concludes that a thorough review of the record, particularly the decision of the ALJ, does not provide substantial evidence supporting that decision. The ALJ was not permitted to rely upon evidence that he found persuasive in concluding that plaintiff was not disabled. This Court is left to speculate what the decision would have been had the ALJ not relied upon the assessment of Ms. Gaudette. In addition, the ALJ's reliance on the second vocational expert is based on the ALJ's assertion that

he asked the same hypothetical questions of the second vocational expert. The Court cannot come to the same conclusion as the Commissioner that the ALJ had intended to present a different hypothetical question to the second vocational expert. Furthermore, it is less than clear that the questions asked of the second vocational expert accurately reflected the limitations found by the ALJ. Finally, the second vocational expert appeared to have been confused by the interrogatory questions presented.

Accordingly, the Court finds there is not substantial evidence to support the decision denying plaintiff's claim for disability benefits and therefore remands this matter to the Commissioner for further proceedings consistent with this Opinion.

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 1, 2012